IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN KELLY, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 4:CV-08-1813 |
| | : | (Judge McClure) |
| YORK COUNTY PRISON, ET AL., | : | |
| Defendants | : | |

## **MEMORANDUM**

### **October 15, 2008**

**Background**

This *pro se* civil rights action was filed by Allen Kelly ("Plaintiff" or "Kelly"), an inmate presently confined at the York County Prison, York, Pennsylvania. Plaintiff has submitted an application requesting leave to proceed *in forma pauperis.*

Although the caption of Plaintiff's Complaint indicates that he is proceeding against more than one defendant, the only Defendant actually identified in the Complaint is the York County Prison. Kelly states that he has been confined at the York County Prison since June 10, 2008 and "has remained indigent since June 30, 2008." Doc. 1, ¶ 2.

Plaintiff asserts that he was to be sentenced by the York County Court of

Common Pleas on September 22, 2008 with respect to a driving under the influence charge. *See id*., ¶ ¶ 5 & 6. The Complaint contends that on August 21, 2008, Deputy Warden Mike Buono denied Kelly's request for free photocopies of documents relating to his criminal proceedings as well as a complaint he initiated with the Disciplinary Board of the Pennsylvania Supreme Court. As a result of Buono's denial, Plaintiff filed a written request. Deputy Warden Clair Doll issued a written response on August 28, 2008 informing Plaintiff that he was not considered to be indigent because he had not lacked funds for more than 90 consecutive days. Doll's response allegedly added that Kelly "requested and had received $4.32 worth of copied documents" on August 12, 2008 and that free photocopying was not provided to inmates pursuant to prison policy *Id*. at ¶ 7.

Plaintiff further contends that the amount of envelopes and writing paper provided to York County Prison inmates is insufficient. His Complaint seeks injunctive relief, specifically that the York County Prison be mandated to provide him with free photocopying of his legal documents as well as a sufficient amount of envelopes and paper.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. § 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may

2

>have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed *in forma pauperis* may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).[1] In *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995), the Court of Appeals added that "the plain meaning of 'frivolous' authorizes the dismissal of *in forma pauperis* claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." *Alabama v. Pugh*, 438

---

[1] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)).

U.S. 781, 782 (1978). The Court of Appeals for the Third Circuit has likewise concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977).

Similarly, a prison or correctional facility is not a person within the meaning of § 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973); *Philogene v. Adams County Prison*, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); *Sponsler v. Berks County Prison*, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995). Pursuant to the above standards, the York County Prison is clearly not a person and may not be sued under § 1983. *See Thompkins v. Doe*, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).

Second, it has been repeatedly recognized that prisoners have no right to free photocopying for use in lawsuits. *Johnson v. Moore*, 948 F. 2d 517, 521 (9th Cir. 1991)("denial of free photocopying does not amount to a denial of access to the courts"); *Harrell v. Keohane*, 621 F. 2d 1059 (10th Cir. 1980); *Jenkins v. Porfiro*, Civil Action No. 3:CV-95-2048, slip op. at 1 (M.D. Pa. May 15, 1996) (Caputo, J.). It has also been held that there is no requirement that the government or a defendant has to pay for an indigent plaintiff's discovery efforts. *Smith v. Yarrow*, 78 Fed. Appx. 529, 544 (6th Cir. 2003). Simply put, prison officials are not constitutionally required to relieve Kelly of reasonable payment for the

4

photocopying of documents.

Finally, it is well-settled that prison inmates have a constitutional right of meaningful access to law libraries, legal materials or legal services. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). The United States Supreme Court in *Lewis v. Casey*, 518 U.S. 343, 351-54 (1996), clarified that an inmate plaintiff, in order to set forth a viable claim under *Bounds*, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. A plaintiff must also allege an actual injury to his litigation efforts.

Plaintiff acknowledges that each month he is given a limited supply of writing paper and envelopes. There is no indication that Plaintiff was unable to meet any court imposed deadlines. Based on a review of the complaint, Kelly has not satisfied his burden under *Lewis* of demonstrating that he suffered any actual injury to a non-frivolous litigation effort. Therefore, his claims of being provided with an inadequate supply of envelopes and writing paper in violation of his right to access to the courts, even if asserted against a properly named defendant, could not proceed.

## **Conclusion**

Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. *Wilson*, 878 F.2d at 774. An appropriate Order will enter.

          <u>s/   James F. McClure, Jr.</u>
          JAMES F. McCLURE, JR.
          United States District Judge

UNITED STATES DISTRICT COURT
FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

ALLEN KELLY,                         :
                                     :
    Plaintiff               :
                                     :
  v.                                 :   CIVIL NO. 4:CV-08-1813
                                     :
YORK COUNTY PRISON, ET AL.,          :   (Judge McClure)
                                     :
    Defendants              :

**ORDER**

October 15, 2008

In accordance with the accompanying Memorandum**, IT IS HEREBY ORDERED THAT:**

    1.    Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(I).

    2.    The Clerk of Court is directed to close the case.[2]

    3.    Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

    4.    Plaintiff's motion seeking appointment of counsel (Record

---

[2] Dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order issued is binding on the Warden of the York County Prison, as well as the Superintendent of any correctional facility to which Plaintiff is transferred.

document no. 5) is denied as moot.

                                  s/   James F. McClure, Jr.
                                  JAMES F. McCLURE, JR.
                                  United States District Judge